Rahman v. Garland

BIA
Poczter, IJ
A209 240 149

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of April, two thousand twenty-two.

PRESENT:
      RAYMOND J. LOHIER, JR.,
      WILLIAM J. NARDINI,
      STEVEN J. MENASHI,
        *Circuit Judges.*

_____

SHAHIDUR RAHMAN,
      *Petitioner,*

      v.                  **20-4025**
                                  **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Mahfuzur Rahman, Esq., Elmhurst, NY.

FOR RESPONDENT:      Brian M. Boynton, Acting Assistant Attorney General; Anthony C.

Payne, Assistant Director; Jennifer A. Bowen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shahidur Rahman, a native and citizen of Bangladesh, seeks review of a November 18, 2020, decision of the BIA affirming a May 10, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Shahidur Rahman,* No. A 209 240 149 (B.I.A. Nov. 18, 2020), *aff'g* No. A 209 240 149 (Immig. Ct. N.Y. City May 10, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations for substantial evidence, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "The scope of review under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted). The IJ may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements or between his statements and other evidence, on the demeanor or responsiveness of the applicant, or on the inherent plausibility of the applicant's account "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's adverse credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei*

3

*Gao*, 891 F.3d at 76.

Substantial evidence supports the agency's adverse credibility determination. The IJ reasonably relied on an omission in Rahman's story during his credible fear interview. *Xiu Xia Lin*, 534 F.3d at 167. During the interview Rahman failed to mention being followed in November 2015, despite being asked why he waited two years after his last attack to leave Bangladesh. At the interview, he responded that he was not financially able to leave sooner and was not able to leave because he was hiding from the Awami League. In contrast, he testified that he left Bangladesh in December 2015 because an Awami League member followed him home from work in November 2015. The agency did not err in relying on this omission because it creates an inconsistency in Rahman's story about why he left Bangladesh when he did. *See Lianping Li v. Lynch*, 839 F.3d 144, 149–50 (2d Cir. 2016) (upholding adverse credibility determination where "asylum application did not simply omit incidents of persecution . . . [but] [r]ather . . . described the same incidents of persecution differently").

The agency also reasonably relied on typographical errors

4

and canned statements in Rahman's corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("Submission of inconsistent statements as well as a fraudulent document in support of an asylum application can constitute substantial evidence supporting an adverse credibility determination."); *Tun v. INS*, 445 F.3d 554, 563 (2d Cir. 2006) ("An applicant may be required to provide any reasonably available documentation to corroborate the elements of her claim . . . and an IJ may rely on the failure to do so in finding that the applicant has not met her burden of proof."). Rahman submitted English-language medical documents to corroborate his treatment following a beating and injuries sustained in a bombing, but the letterhead on those documents contained spelling errors calling into question their reliability as official documents. The IJ reasonably concluded that Rahman's "lack of education or knowledge of the contents of his documents does not explain why these documents, which were supposedly created by English-speaking medical professionals, would contain these spelling mistakes." *See Majidi v. Gonzalez*, 430 F.3d 77, 80 (2d Cir. 2005) (stating that the agency need not credit an

applicant's explanations for inconsistent testimony unless "a reasonable fact-finder would be compelled to credit his testimony." (quotation marks omitted)). Letters from his mother, coworker, and wife contained similar statements with the same misspellings of words. Moreover, contradicting his testimony that the authors of the letters did not see his application, his own written statement contained a similar language with the same errors. The IJ reasonably concluded that the errors in these documents undermined their validity and Rahman's credibility overall. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524-27 (2d Cir. 2007) (upholding adverse credibility determination based primarily on "striking similarities between affidavits," which indicated that the story was "canned"); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

In sum, substantial evidence supports the adverse credibility determination because Rahman's omission from his credible fear interview created inconsistency in his story

6

and the errors in his documentary evidence called into question the validity of that evidence and further undermined his credibility. *See Xiu Xia Lin*, 534 F.3d at 166–67; *Biao Yang*, 496 F.3d at 273; *Mei Chai Ye*, 489 F.3d at 524. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court